

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED

SEP 2 3 2013

JUDGE AMY ST. EVE
United States District Court

| | | |
|---|---|---|
| U.S. DATA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-cv-1092 |
| | ) | |
| | ) | Judge Amy St. Eve |
| REALSOURCE, INC., | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL |

## JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

In this case the parties are corporations. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

During the trial, certain testimony was presented to you by the reading of depositions and by video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

> the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
>
> the witness's memory;
>
> any interest, bias, or prejudice the witness may have;
>
> the witness's intelligence;
>
> the manner of the witness while testifying;
>
> and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by parties and witnesses under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath, or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff U.S. Data Corp. and Defendant Realsource, Inc. are two companies that supply lists of timeshare owners to customers. This case involves allegations that two separate contracts between U.S. Data Corp. and Realsource, Inc. were breached.

Plaintiff, U.S. Data Corporation, alleges that Realsource breached a Non-Disclosure/Non-Circumvent Agreement by: a) disclosing its confidential customer and business information to third parties; and b) renting timeshare data to U.S. Data's customer, Timeshare Relief, beginning in August 2007.

Defendant, Realsource, Inc. alleges that U.S. Data Corporation breached a series of List Order Acknowledgment Agreements for one-time rentals of timeshare data by re-renting data supplied by Realsource in these orders more than once.

Plaintiff U.S. Data Corporation claims Realsource Inc. breached a Non- Disclosure/Non-Circumvent Agreement (the "NDA") between the two parties.

U.S. Data has the burden of proving:

1.    Performance by U.S. Data of its obligations

2.    RealSource's failure to perform its obligations under the NDA.

3.    Resulting damage to U.S. Data.

The terms of the NDA are as follows:

a) Non-Disclosure: The parties agreed to avoid disclosure, publication or dissemination of information provided by the other party, and to use information provided solely for the purposes of the NDA.

b) Non-Circumvent: The parties also agreed not to divulge each other's named sources and not to circumvent, either directly or indirectly, the relationship that each party had with their named sources, principals, clients, agents, brokers, associates and subscribers and/or end users.

Each party agrees to not contact the clients of the other party for any reason without written consent of the other party.

U.S. Data Corporation has the burden of proving Realsource, Inc. breached the contract in the following way(s) by:

a) disclosing information to third parties regarding U.S. Data's timeshare list, list source and customer identity; and/or

b) directly and/or indirectly renting timeshare data to US Data's customer, Timeshare Relief, starting in the summer of 2007 and continuing thereafter.

Realsource, Inc. denies: a) that U.S. Data performed its obligations under the NDA; b) that Realsource breached the NDA; and/or c) that U.S. Data incurred any damage as a result of RealSource's conduct.

I will explain and define these legal terms elsewhere in these instructions.

If you find from your consideration of all the evidence that one or more of these elements has not been proven, you must find in favor of RealSource, Inc. If you find from your

14

consideration of all the evidence that each of the above elements has been proven then you must find in favor of U.S. Data Corporation, and consider the amount of damages to be awarded.

As the first element of a contract claim, U.S. Data Corporation must prove that it performed all obligations required of it under the NDA. To recover on its claim, U.S. Data Corporation must prove it did what the NDA required it to do, as follows:

Plaintiff claims it performed its obligations not to disclose information or circumvent Realsource, Inc.'s business relationships under the NDA.

Generally, if a party fails to perform its obligations according to the terms of the contract, the party has breached the contract. You must decide whether Realsource, Inc. failed to do what it was required to do under the NDA.

The second element of a contract claim which U.S. Data Corporation must prove is Realsource, Inc.'s breach of the NDA. To recover on its claim, U.S. Data Corporation has the burden to prove the defendant, Realsource, Inc., failed to do something the NDA required it to do. U.S. Data Corporation claims and has the burden of proving that under the NDA, Realsource, Inc. was required to not do the following:

a) Disclose information to third parties, including but not limited to Timeshare Relief, Inc., Priority Direct, LLC and D & S Leads, Inc., regarding records on U.S. Data's timeshare list, the source of U.S. Data's timeshare list and the identity of US Data's customer Timeshare Relief, Inc.; and/or

b) Indirectly circumvent the business relationship between U.S. Data and Realsource by renting timeshare data to US Data's customer, Timeshare Relief, Inc., using D & S Leads, Inc. as a broker in August 2007 and continuing thereafter; and/or;

c) Directly circumvent the business relationship between U.S. Data and Realsource by renting timeshare data to US Data's customer, Timeshare Relief, and/or otherwise convincing Timeshare Relief to do business with Realsource, Inc. instead of U.S.Data Corporation in October 2007 and continuing thereafter.

Realsource, Inc. denies breaching the NDA.

You must decide whether U.S. Data Corporation sustained damages as a result of Realsource, Inc.'s breach of the NDA.

The third element of a contract claim is damages. U.S. Data Corporation must prove it sustained damage resulting from Realsource, Inc.'s breach. To recover on its claim, U.S. Data Corporation must prove that because of Realsource, Inc.'s failure to perform under the NDA, it has been damaged in that it has not received the benefits to which it is entitled under the NDA.

As damages, US Data claims it is entitled to all proceeds from sales of timeshare data made by Realsource, either directly or indirectly through D & S Leads, Inc., to Timeshare Relief, Inc. from August 2007 until the relationship between Realsource and Timeshare Relief ended, plus attorneys' fees and court costs.

Realsource, Inc. denies U.S. Data Corporation sustained damage.

In the NDA, the parties agreed to the following:

Each party agrees to indemnify and hold other party harmless from any damages, cost, loss or liability (including legal fees and the cost of enforcing this indemnity) arising out of or resulting from any unauthorized use or disclosure by the recipient or recipient's Representatives of the Confidential Information or other violation of this Agreement.

Should circumvention occur, in addition to other legal remedies, compensation equal to that paid or scheduled to be paid to the breaching party from the transaction(s) related to the breach committed is due and payable to the non-breaching party by the breaching party.

In other words, if you find that Realsource, Inc. circumvented US Data, Corp. in Realsource, Inc.'s business dealings with Timeshare Relief, Inc., you must compensate US Data Corp. an amount equal to that paid or scheduled to be paid by Timeshare Relief, Inc. to Realsource, Inc. from August 2007 until their relationship terminated.

This NDA is a binding contract, and in the course of applying these instructions, you must abide by this agreement in determining the amount of damages, if any, in this case.

19

Defendant Realsource Inc. claims that Plaintiff U.S. Data Corporation breached a series of List Order Acknowledgment Agreements (the "LOAs") between the two parties.

Realsource, Inc. has the burden of proving:

1. Performance by Realsource of its obligations.

2. US Data's failure to perform its obligations under the LOAs.

3. Resulting damage to Realsource.

The terms of the LOAs are as follows:

This order is for a one time rental and any other resale of the file will need to be paid by the client.

Realsource has the burden of proving US Data, Inc. breached the LOAs in the following way:

By renting Realsource's data more than once and not paying for the subsequent rental(s).

US Data, Inc. denies that it rented Realsource's data more than once.

I will explain and define these legal terms elsewhere in these instructions.

If you find from your consideration of all the evidence that one or more of these elements has not been proven, you must find in favor of U.S. Data Corporation. If you find from your consideration of all the evidence that each of the above elements has been proven then you must find in favor of RealSource, Inc, and consider the amount of damages to be awarded.

As the first element of its counterclaim, Realsource must prove that it performed all obligations required of it under the LOAs. To recover on its claim, Realsource must prove it did what the LOAs required it to do, as follows:

> Realsource claims it performed its obligations to rent data to U.S. Data as ordered in each LOA.

Generally, if a party fails to perform its obligations according to the terms of the contract, the party has breached the contract. You must decide whether U.S. Data failed to do what it was required to do under the LOAs.

The second element of RealSource's counterclaim, RealSource must prove U.S. Data's breach of the LOAs. To recover on its claim, RealSource has the burden to prove U.S. Data failed to do something the LOAs required it to do. RealSource claims and has the burden of proving that, under the LOAs, U.S. Data was required not to rent data obtained from RealSource more than once and that U.S. Data did so.

U.S. Data claims that it did not breach the contract because it did not rent data obtained from RealSource more than once.

You must decide whether RealSource sustained damages as a result of U.S. Data's breach of the LOAs.

The third element of RealSource's counterclaim is damages. RealSource must prove it sustained damage resulting from U.S. Data's breach of the LOAs. To recover on its claim, RealSource must prove that because of U.S. Data's failure to perform the LOAs, it has not received the payments to which it is entitled under the LOAs.

U.S. Data denies RealSource sustained damage.

In the LOAs, the parties agreed to the following:

> This order is for a one time rental and any other resale of the file will need to be paid by the client.

This agreement is binding, and in the course of applying these instructions, you must abide by this agreement in determining the amount of damages, if any, in this case.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, You Tube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide the case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss this case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in this case. This would unfairly and adversely impact the judicial process.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.